```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RASHEEN MINES,<br><br>            Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 10-5163 (JBS)<br>[Crim. No. 06-126 (JBS)]<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

   Petitioner Rasheen Mines, serving a prison sentence of 480 months, brings this motion for reconsideration of the Court's Opinion and Order denying his petition for writ of habeas corpus under 28 U.S.C. § 2255. [Docket Item 40.] For the reasons explained below, Petitioner's motion for reconsideration is denied.

   1. A jury convicted Petitioner and his co-defendants of conspiracy to violate the Hobbs Act, 18 U.S.C. § 1951, and the Travel Act, 18 U.S.C. § 1952; substantive violations of the Hobbs and Travel Acts; brandishing a firearm in connection with a crime of violence under 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, under 18 U.S.C. § 922(g). (See Amended Judgment, United States v. Mines, Cr. No. 06-126-JBS-4

(D.N.J. entered May 1, 2007).) The Third Circuit affirmed the conviction and sentence, United States v. Hernandez, 306 F. App'x 719, 723 (3d Cir. 2009), and the U.S. Supreme Court denied certiorari. Mines v. United States, 558 U.S. 905 (2009). Petitioner, pro se, filed a petition to vacate, set aside or correct his sentence, alleging eleven constitutional violations associated with his conviction and sentence. [Docket Item 1.] After briefing on the petition was complete, Mr. Mines filed a motion to supplement his petition. This Court denied Petitioner's motion to supplement and denied his petition to vacate, set aside or correct his sentence. See Mines v. United States, No. 10-5163, 2013 WL 6187185 (D.N.J. Nov. 26, 2013).

2. Petitioner now asks the Court to reconsider its denial of Petitioner's motion to supplement. In addition, Petitioner challenges the Court's holding that his counsel was not ineffective for failing to object to an improper calculation and classification related to sentencing. The Government did not file a brief in opposition to the motion for reconsideration.

3. Motions for reconsideration of § 2255 petitions are governed by Fed. R. Civ. P. 59(e), which "is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error." United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (quoting Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988)). A "'proper Rule 59(e) motion . . .

must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)). Reconsideration should be granted only when such legal authority was presented to the court but overlooked. D'Argenzio v. Bank of Am. Corp., 877 F. Supp. 2d 202, 206 (D.N.J. 2012). "[M]ere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration . . . ." Telfair v. Tandy, 797 F. Supp. 2d 508, 522 (D.N.J. 2011).

    4. Petitioner first alleges that the Court made a clear error of law when it failed to consider Petitioner's motion to supplement or amend his § 2255 motion. The Court based its denial of the motion on two alternative grounds. Mines, 2013 WL 6187185, at *14. First, the motion to supplement included a claim not raised in his petition -- namely that his counsel was ineffective for failing to argue that the government "never established a connection between the victims and interstate commerce" under the Hobbs Act -- and Petitioner declined to respond to this Court's Miller order, thereby directing this Court to rule on his petition as originally filed. Id. As a consequence, the motion to supplement was barred. Second, Petitioner's claims were without legal merit because, on direct

appeal, the Third Circuit affirmed that "the evidence would allow a rational trier of fact to find the required de minimis effect on interstate commerce." Id. In other words, the new ground Petitioner sought to raise had no merit and had been previously addressed.

    5. Petitioner asserts that the motion to supplement his petition was "derived from the record" of his sentencing hearing, and argues that he did not have a transcript of his sentencing at the time he filed his original pleadings. (Pet. [Docket Item 40] at 3.) Petitioner highlights a footnote in his original petition, in which he stated that he "does not have sentencing transcripts at this point in time." (Id., citing Docket Item 1 at 16 n.4.) This argument is unavailing. After receiving Mr. Mines's original petition, the Court issued a Miller order advising Petitioner that "all potential claims" for which he sought review must be included in his petition and that the pleading would be ruled upon as filed, unless he withdrew and re-filed a new § 2255 petition including all claims, within 30 days of the date of the order. [Docket Item 2.] Petitioner did not respond, thereby signaling that his petition was complete, despite his awareness that he did not have a sentencing transcript. Upon receiving the Miller order, Petitioner did not notify the Court that he needed to review a transcript of his sentencing to determine whether he had raised

all potential claims in the petition. He was content to go forward on the grounds raised. Furthermore, the motion to supplement was untimely because Petitioner waited 10 months after he received his transcript to file the motion, well after briefing on his petition was complete. Because Petitioner elected for this Court to rule on his original petition as filed, and because Petitioner offers no explanation for the delay in filing his motion to supplement, the Court did not err in declining to consider Petitioner's motion to supplement his petition, and the motion for reconsideration is denied. See United States v. Chew, 284 F.3d 468, 470 (3d Cir. 2002) ("Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals.") (quoting United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999)).

    6. Even if the Court were to rule on the motion to supplement, Petitioner's motion for reconsideration does not identify a clear legal error in the Court's conclusion that Petitioner's claims lack merit. See Mines, 2013 WL 6187185, at *14. In the motion to supplement, Petitioner argued that the government "never established a connection between the victims and interstate commerce" under the Hobbs Act. [Docket Item 30 at 7-8.] To the contrary, the Third Circuit affirmed that the evidence in this case was sufficient to support a requisite

finding of effect on interstate commerce. "Specifically, the evidence showed that the defendants used interstate channels of commerce to commit the robbery, including interstate highways (from Pennsylvania to New Jersey and back) and interstate cellular-phone networks." Hernandez, 306 F. App'x at 721. Therefore Petitioner's counsel was not ineffective for failing to raise this objection.

7. Petitioner's motion to supplement also included the claim that his counsel should have objected to the Hobbs Act jury charge because it did not explicitly identify the three separate elements to consider under the Hobbs Act when criminal acts are directed toward individuals rather than businesses. [Docket Item 30 at 8.] Petitioner argues that when the Hobbs Act is applied to a robbery of an individual, the government must prove a "substantial connection" between the victim and interstate commerce. [Id. at 7.] In support, Petitioner cites case law from outside of this Circuit, notably United States v. Wang, 222 F.3d 234 (6th Cir. 2000). The Third Circuit has expressly declined to read Wang as Petitioner urges. See United States v. Powell, 693 F.3d 398, 403-05 (3d Cir. 2012); United States v. Walker, 657 F.3d 160, 181 (3d Cir. 2011). Rather, the Third Circuit holds that "[i]n any individual case, proof of a de minimis effect on interstate commerce is all that is required" under the Hobbs Act. United States v. Clausen, 328

F.3d 708, 711 (3d Cir. 2003); see also Powell, 693 F.3d at 402. The interstate commerce discussion in Wang and other cited cases is only relevant when the commission of the crime itself does not use channels of interstate commerce.[1] In this case, however, Petitioner and his co-defendants used channels of interstate commerce to commit the robbery, including interstate highways (from Pennsylvania to New Jersey and back) and interstate cellular-phone networks. Hernandez, 306 F. App'x at 721. Also, the object of the home invasion and robbery was the safe in the victims' house in New Jersey, known to contain proceeds from the homeowner's business in Pennsylvania. The Third Circuit specifically affirmed the convictions and sentences under the Hobbs Act. Therefore, the jury instructions cannot be the basis for a successful ineffective assistance of counsel claim. Because all of the claims in Petitioner's motion to supplement are without legal merit, the Court will deny Petitioner's motion for reconsideration as it relates to the motion to supplement.

---

[1] Citing Wang, Petitioner claims that robberies perpetrated upon individuals are prosecutable under the Hobbs Act if any one of the following conditions are met: (1) the crime depletes the assets of an individual who is directly engaged in interstate commerce; (2) the crime causes the individual to deplete the assets of an entity engaged in interstate commerce; or (3) the number of individuals victimized or the amounts involved are so large that there is a cumulative impact on interstate commerce. [Docket Item 30 at 7.]

8. Finally, Petitioner challenges the Court's holding that his counsel was not ineffective for failing to object to improper calculations and classifications related to sentencing. (Pet. at 3.) Petitioner argues that the Court did not explain why his presentence report indicated a "total offense level of 32 and Criminal History Category VI . . . [w]hich calls for 210-262 months, yet petitioner was sentenced to 480 months." [Id.] In its November 26, 2013 Opinion, the Court explained at length the calculations and classifications used and found no errors in Petitioner's sentencing. Mines, 2013 WL 6187185, at *12-14. Petitioner does not identify a clear error of law here. He merely disagrees with the Court's ruling, an inappropriate ground for a motion for reconsideration. Telfair, 797 F. Supp. 2d at 522 (D.N.J. 2011). Petitioner's motion for reconsideration is denied.

9. An accompanying Order will be entered.

 July 29, 2014                                s/ Jerome B. Simandle
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge